Guy E. McGaughey, Jr. v. Commissioner.
McGaughey v. Commissioner
Docket No. 1310-70.
United States Tax Court
T.C. Memo 1972-179; 1972 Tax Ct. Memo LEXIS 75; 31 T.C.M. (CCH) 882; T.C.M. (RIA) 72179; August 21, 1972
*75 The statutory notice of deficiency was mailed to petitioner within three years of the filing of each of the returns for 1962, 1964, 1965, and 1967. No return was filed for the year 1966. The evidence is not sufficient to establish that no return was filed for 1963. Respondent conceded the issue relating to fraud for all years. Petitioner did not appear and was not represented at the trial. Held: That the assessment and collection of the deficiencies and additions to tax for the years 1962, 1964, 1965, 1966 and 1967 are not barred by limitations. Held further: That the assessment and collection of the deficiency and addition to tax for the year 1963 are barred by limitations. Held further: For want of prosecution, the petitioner is liable for the deficiencies and additions to tax for all years, except 1963, and except the additions to tax relating to fraud. D. Ronald Morello, for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: Respondent determined deficiecies in the income taxes of the petitioner and additions to tax under section 6653(b) [1] relating to fraud, under section 6654 relating to underpayment of estimated income tax, and determined an overassessment *76 of additions to tax under section 6651(a), as required by section 6653(d), as follows: Additions to Tax, I.R.C. 1954
Year
Deficiency
Sec. 6653(b)
Sec. 6651(a)
Sec. 6654
1962
$ 41,640.17
$21,953.63
($ 41.77)
1963
51,790.00
25,895.00
$1,442.86
1964
167,232.30
83,985.75
(184.80)
1965
160,124.78
80,413.49
(175.55)
1966
177,297.43
88,648.72
4,952.96
1967
29,125.93
14,562.66
The case was called to trial on May 22, 1972, pursuant to notice sent to counsel for the respective parties on February 23, 1972. Petitioner did not appear in person, but counsel of record for petitioner appeared and filed a motion for leave to withdraw as counsel for petitioner on the ground that petitioner had failed and refused to cooperate in the preparation of the case for trial. Upon a showing to the Court that a copy of the written motion of counsel for petitioner had previously been sent to petitioner by registered mail, and also that the case had previously been continued at the trial session in Louisville, Kentucky on September 13, 1971, for failure of petitioner to cooperate with counsel in preparation of the case for trial, the *77 Court granted counsel's motion for leave to withdraw. Counsel for respondent then moved the Court to dismiss the case for lack of prosecution. The Court granted the motion subject to a proper showing by respondent that the case was not barred by the three year statute of limitations and upon the issue of fraud. The respondent agreed to assume the burden of proof on these issues, and a hearing was then held. Rule 32, United States Tax Court; section 7454(a), Internal Revenue Code of 1954. Respondent then conceded the question of fraud. Thus the sole question remaining is whether the statutory notice of deficiency was mailed to petitioner within three years after the filing of the returns for the years 1962 through 1967. Findings of Fact During the years 1962, 1964 and 1965, petitioner resided at 4408 Rockwood Drive, Louisville, Kentucky, and filed his returns for those years with the district director of internal revenue at Louisville. The 1964 return listed petitioner's address during 1963 as 322 Park Road, Mt. Carmel, Illinois. In 1966 and 1967 petitioner resided at 1250 Bardstown Road, Louisville. He filed his return for 1967 with the district director at Springfield, Illinois. [2] *78 At the time his petition was filed, petitioner resided at 1250 Bardstown Road, Louisville. The original returns, introduced as exhibits, indicate that the 1962 return was filed on January 3, 1967; that the 1964 and 1965 returns were filed on December 30, 1966; and that the 1967 return was filed on August 9, 1968. For each of the years 1963 and 1966, respondent introduced a Certification of Lack of Record from the Director of the Cincinnati Service Center. Those documents established that the legal custodian of the Federal tax forms for the area served by the Cincinnati Service Center found no return filed by petitioner for the years indicated. The statutory notice of deficiency was mailed to petitioner on December 5, 1969. Opinion In considering respondent's motion to dismiss for lack of prosecution we are concerned only with whether the statutory notice of deficiency was sent to petitioner within the three year period *79 provided by section 6501(a). The petition asserts that the determinations for years 1962 through 1965 are barred by that statute of limitations. Respondent contends first that for years 1962, 1964, 1965, and 1967 the statutory notice was mailed to petitioner within three years of the filing of the returns, and second, that for the years 1963 and 1966 no returns were filed and thus no statute of limitations applies. We consider respondent's contentions in turn. Section 6501(a) states in part that "the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed * * * and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period." The returns for 1962, 1964, 1965, and 1967 were filed late. As indicated in the findings of fact, the earliest filed returns were for years 1964 and 1965 and were filed on December 30, 1966. The returns for 1962 and 1967 were filed thereafter. The notice of deficiency was mailed to petitioner on December 5, 1969. We find that the statutory notice was mailed within three years of the filing of these returns and accordingly, we hold that the statute of limitations *80 is not applicable to years 1962, 1964, 1965, and 1967. Respondent contends that no returns were filed for the years 1963 and 1966. Section 6501(c)(3) provides that when no 884 return is filed, "the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time." The petition, however, alleges that returns were filed for those years. For the year 1966, there is no question that the determination is not barred by section 6501(a). During that year, petitioner lived in Louisville, Kentucky, and he claims in his petition that he filed his 1966 return with the district director of internal revenue at Louisville. Returns filed with that office would properly be maintained at the Cincinnati Service Center, which serves that district. The Certification of Lack of Record from the Cincinnati Service Center establishes that no record exists there of a 1966 return for petitioner. Petitioner has not shown otherwise. We find that petitioner filed no return for 1966 and thus the deficiency determination and addition to tax for that year must stand. Respondent has also urged that no return was filed for 1963. Petitioner alleges in his petition *81 that his 1963 return was filed with the district director of internal revenue at Springfield, Illinois. His return for 1964 lists his 1963 address as 322 Park Road, Mt. Carmel, Illinois. Thus petitioner would properly have filed his 1963 return with the district director at Springfield, and that return would be maintained at the Kansas City, Missouri Service Center which served the Springfield district. Statement of Organization superseded by Statement of Organization and Functions, C.B. 1965-2, 863. See 6 CCH, Standard Federal Tax Reports, p. 67,009. The Certification of Lack of Record for 1963, however, is from the Cincinnati Service Center. There is no Certification of Lack of Record from the Kansas City Service Center. Upon the present state of the record, the evidence is inconclusive that petitioner filed no return for 1963. In the absence of competent evidence that no return was filed for 1963, we hold that the deficiency and addition to tax for 1963 are barred by the three year statute of limitations. With the exception of the deficiency and the additions to tax for 1963, and giving effect to respondent's concession relating to fraud for all years, the Commissioner's determination *82 in these proceedings is sustained. Decision will be entered in accordance herew ith. Footnotes
1. Unless otherwise specified, all statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. The 1967 return stated petitioner's address as that above. There is no explanation as to why the return was filed in the Springfield, Illinois district office rather than the Louisville district office, which is the proper office for the address given on the return.↩